William C. Cagney
WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
212-237-1000
wcagney@windelsmarx.com

Attorneys for certain former Directors (Members)
and Officers of Debtors, Philip Schwalb, Sameer Ahuja,
Caleb D. Koeppel, Scott Prince, Michael Ryan,
Doug Weintraub, Jaime Taicher, and John Urban

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| National Sports Attraction, LLC, | Case No. 09-11162 (RDD) |
| Debtor. | (Jointly Administered) |
| In re: | Chapter 7 |
| National Sports Museum Management, LLC, | Case No. 09-11163 (RDD) |
| Debtor. | |

**STIPULATION AND ORDER**

Roy Babitt (the "Trustee"), the duly appointed Chapter 7 Trustee of the above-captioned estates (the "Trustee"), by his counsel, Arent Fox LLP, on the one hand, and Philip Schwalb, Sameer Ahuja, Caleb D. Koeppel, Scott Prince, Michael Ryan, Doug Weintraub, Jaime Taicher, and John Urban, as former Directors (Members) and Officers of Debtors (the "Former Members"), by their counsel, Windels Marx Lane & Mittendorf, LLP, on the other hand, enter into the following stipulation ("Stipulation"), solely for the purpose of arranging for the preparation, signing, and filing of 2008, 2009, 2010, and 2011 (if necessary) federal and state tax returns of debtor, National Sports Attraction, LLC (Federal Taxpayer Identification No. 20-3665118), and debtor, National Sports

Museum Management, LLC (Federal Taxpayer Identification No. 65-1181429) (the "Tax Returns"), and the Trustee and the Former Members therefore agree as follows:

WHEREAS, on March 13, 2009 (the "Petition Date"), National Sports Attraction, LLC ("NSA"), filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

WHEREAS, on March 14, 2009, National Sports Museum Management, LLC ("NSMM," and together with NSA, the "Debtors"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the same Court, identifying NSA as a wholly owned affiliate of NSMM; and

WHEREAS, The Trustee was appointed to administer these cases, and based on the application of the Trustee, this Court entered an Order dated March 30, 2009, consolidating the Chapter 7 case filed by NSMM, entitled In re: National Sports Museum Management LLC, Case No. 09-11163 (RDD), and directing that the cases be consolidated for procedural purposes and jointly administered under Case No. 09-11162 (RDD), (CM/ECF Docket Document Number 9); and

WHEREAS, prior to the Petition Date, the Debtors operated a national sports museum dedicated to the history and cultural significance of sports in America; and

WHEREAS, the Former Members have made arrangements for the preparation, signing, and filing of the Debtors' Tax Returns, and to do so have requested the cooperation of the Trustee, who has agreed to provide cooperation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by, between, and among the Trustee and the Former Members (collectively the "Parties"), as follows:

1. Tax Returns for 2008 have been prepared by SS&G Financial Services, Inc., 32125 Solon Road Cleveland, Ohio 44139 ("SS&G"), at the request of and at the sole cost of the Former

Members, from the Debtors' books and records made and maintained in the ordinary course of business before the Petition Date, and are ready for signatures by one of the Former Members who had been designated to sign the Debtors' 2007 federal and state tax returns.

2. The Trustee will prepare and provide SS&G with a transmittal letter for the 2008 Tax Returns, addressed to the Internal Revenue Service and any necessary state taxing authorities, stating in substance:

> Department of the Treasury
> Internal Revenue Service
> Ogden, UT 84201-0011
>
> Re: National Sports Attraction, LLC / Taxpayer ID No.: 20-3665118
> National Sports Museum Management, LLC / Taxpayer ID No.: 65-1181429
> United States Bankruptcy Court, Southern District of New York
> Chapter 7 Case No.: 09-11162 (RDD)
>
> Dear Sir/Madam:
>
> This firm represents Roy Babitt, the duly appointed Chapter 7 bankruptcy trustee (the "Trustee" or "Mr. Babitt") of the above referenced bankruptcy estates of National Sports Attraction, LLC, and National Sports Museum Management, LLC (the "Debtors"). The Debtors' Chapter 7 cases are consolidated for procedural purposes and are being jointly administered under case number 09-11162 (RDD) in the United State Bankruptcy Court for the Southern District of New York.
>
> Enclosed herewith are the Debtors' 2008 U.S. Return of Partnership Income (Form 1065) and Schedules K-1 that have been signed by one the Debtors' partners (members) pursuant to §6063 of the Internal Revenue Code ("return of a partnership made under section 6031 shall be signed by any one of the partners"). The tax forms and information included herewith have not been prepared nor reviewed by Mr. Babitt or anyone acting on his behalf.
>
> Mr. Babitt is furnishing the enclosed Form 1065 and Schedules K-1 without personal liability, consistent with §704(a)(7), §704(a)(8), and §1106(a)(6) of the United States Bankruptcy Code ("A trustee shall . . . for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit with which such tax return was to be filed, in light of the condition of the debtor's books and records and the availability of

such information."), and I.R.S. Private Letter Ruling 8509038 (November 30, 1984) (summarizing Section 1106(a)(6) and noting neither the Internal Revenue Code nor the Bankruptcy Code affirmatively imposes duty on trustee to file delinquent partnership returns), and the Federal Court in In re Riverside-Linden Inv. Co., 85 B.R. 107, 113 (Bankr. S.D.Cal. 1988), aff'd, 925 F.2d 320 (9th Cir.1991).

3. Tax Returns for 2009 will be prepared by SS&G, at the request of and at the sole cost of the Former Members, from the Debtors' books and records made and maintained in the ordinary course of business before the Petition Date, as well as those books and records made and/or maintained in the ordinary course of the Trustee's responsibilities after the Petition Dates.

4. The Trustee will prepare and provide SS&G with a transmittal letter for the 2009 Tax Returns, addressed to the Internal Revenue Service and any necessary state taxing authorities, stating in form and substance the language set forth in paragraph 2 above.

5. Tax Returns for 2010 and 2011 (if necessary) will be prepared by SS&G, at the request of and at the sole cost of the Former Members, from the Debtors' books and records made and/or maintained in the ordinary course of the Trustee's responsibilities after the Petition Dates.

6. The Trustee will prepare and provide SS&G with a transmittal letter for the 2010 and 2011 (if necessary) Tax Returns, addressed to the Internal Revenue Service and any necessary state taxing authorities, stating in form and substance the language set forth in paragraph 2 above.

7. The Trustee will make available to SS&G, as well as to the Former Members' counsel and any designated agents as deemed appropriate, all the Debtors' books and records made and/or maintained in the ordinary course of the Trustee's responsibilities, including all paper documents and all data on any hard drive or server ("Trustee Books, Records, and Data"), subject to satisfaction of the following conditions:

(i) The Former Members have arranged through their counsel to pay the Estates of the Debtors (through the Trustee) a total of $22,070 for reimbursement of all professional services rendered and expenses incurred through September 17, 2010, in connection with addressing the issue of the Tax Returns and including this Stipulation, and the Former Members will arrange through their counsel to make payments to the Estates of the Debtors (through the Trustee) for reimbursement of all professional services rendered and expenses incurred hereafter in connection with addressing the issue of the Tax Returns and including this Stipulation and the Parties' effectuation of this Stipulation; and

(ii) SS&G will arrange to inspect and review all the Trustee Books, Records, and Data at the offices of the Trustee's counsel, Arent Fox LLP, 1675 Broadway, New York, New York, and will do so in the presence of a paralegal employee of Arent Fox, whose actual time incurred shall be compensated at the rate of $235.00 per hour, to be billed to and paid by the Former Members through their counsel; and

(iii) The Former Members will arrange through SS&G and their counsel, solely at their own cost and prior to any inspection or review by SS&G of the Trustee Books, Records, and Data, to create a mirror image or a back-up copy of all data on any hard drive or server containing the Trustee Books, Records, and Data (by using an outside vendor, if necessary, approved by the Trustee's counsel, such approval not to be unreasonably withheld), which are presently maintained under the custody and control of the Trustee and his counsel; and

(iv) The Former Members will arrange to pay any bills of the Trustee's counsel for paralegal time incurred pursuant to paragraph 7(ii) and for any professional attorney services fairly and reasonably necessary to the Parties' effectuation of this Stipulation, at an hourly rate of $520.00, and at any time such bills reach or exceed $5,000.00 any and all additional time and services may cease to be performed until such bills have been paid.

8. Neither the Trustee nor his legal counsel nor his accounting professionals are tax lawyers or tax experts or tax professionals, and they have provided no tax advice, nor any information, upon which any party to this Stipulation can, has, or will rely.

9. The Tax Returns have not been and will not be reviewed by the Trustee, nor by his legal counsel nor by his accounting professionals, and the Former Members have obtained and are obtaining their own tax advice from their own accounting professionals and their own tax lawyers in all respects in connection with the effectuation of this Stipulation and the Tax Returns.

10. The Trustee and his legal counsel and his accounting professionals are not, and do not represent themselves to be experts or advisors in the area of taxation, and the Former Members, as well as any beneficiary of this Stipulation, are strongly advised and urged to consult with their own accounting, legal, and tax experts regarding any and all tax consequences arising from this Stipulation and the Tax Returns.

11. The Former Members agree to hold harmless and indemnify the Trustee, his legal counsel, and his accounting professionals from any and all claims, causes of action, liability, and assessments or penalties of any kind, by any person or party, arising out of this Stipulation, the effectuation of this Stipulation, and/or the Tax Returns.

12. Any and all refunds on the bases of the Tax Returns authorized by this Stipulation and as ordered by the Bankruptcy Court, are property of the Estates of the Debtors and shall forthwith be turned over to the Trustee.

13. Any and all of the Trustee Books, Records, and Data utilized for the preparation of the Tax Returns provided for by this Stipulation shall be turned over to the Trustee within seven (7) days after those tax returns shall have been filed with the appropriate taxing authority.

14. Copies of all the duly executed Tax Returns provided for by this Stipulation shall, within five (5) days of filing, be turned over to the Trustee together with a letter identifying the return and the date of its filing.

15. This Stipulation may be executed in counterparts, and a facsimile signature shall be deemed an original.

16. This Stipulation shall be effective upon entry of the Order of the United States Bankruptcy Court approving it.

17. This Stipulation is binding upon the Parties, their affiliates, subsidiaries, agents, employees, attorneys, predecessors, and successors.

18. Notwithstanding anything to the contrary, the Trustee and his counsel shall have the sole authority regarding the implementation and execution of this Stipulation.

19. All rights of the Parties not specifically enumerated herein are reserved.

IN WITNESS WHEREOF, the Parties hereto have executed this Stipulation, by and through their respective counsel, on the day and year listed below.

| | |
|---|---|
| September 27, 2010 | September 27, 2010 |
| WINDELS MARX LANE & MITTENDORF, LLP | CHAPTER 7 TRUSTEE |
| By: /s/<br>    William C. Cagney | /s/<br>Roy Babitt |
| William C. Cagney<br>156 West 56th Street<br>New York, New York 10019<br>212-237-1000 | Schuyler G. Carroll<br>Jeffrey D. Vanacore<br>1675 Broadway<br>New York, NY 10019<br>212-484-3955 |
| Attorneys for certain former Directors (Members) and Officers of Debtors, Philip Schwalb, Sameer Ahuja, Caleb D. Koeppel, Scott Prince, Michael Ryan, Doug Weintraub, Jaime Taicher, and John Urban | Counsel to the Chapter 7 Trustee |

SO ORDERED:

/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

October 22, 2010