Andrew I. Silfen
Heike M. Vogel
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

*Counsel to Jil Mazer-Marino, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| NATIONAL SPORTS ATTRACTION, LLC, *et al.*, | Case No. 09-11162 (RDD) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------x

**TRUSTEE'S MOTION FOR ORDER PURSUANT TO
11 U.S.C. § 363(b) AND (f) FOR AUTHORITY TO SELL ASSETS
<u>FREE AND CLEAR OF ALL LIENS CLAIMS AND ENCUMBRANCES</u>**

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Jil Mazer-Marino, chapter 7 trustee (the "Trustee") for the jointly administered bankruptcy cases of National Sports Attraction, LLC *d/b/a* Sports Museum Of America ("SmA") *d/b/a* National Sports Museum ("National Sports Attraction") and National Sports Museum Management, LLC ("National Sports Management") (collectively, the "Debtors"), as and for her motion for order pursuant to 11 U.S.C. § 363, to sell assets (the "Motion"), respectfully represents:

# BACKGROUND

a. **General**

1. On March 13, 2009, National Sports Attraction filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York, case number 09-11162 (RDD).

2. On March 14, 2009, National Sports Management filed a voluntary chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York, case number 09-11163 (RDD).

3. On or about March 16, 2009, the Office of the United States Trustee appointed Roy Babbitt to serve as the chapter 7 trustee for the Debtors' chapter 7 bankruptcy estates.

4. On March 30, 2009, the Court entered an Order pursuant to Bankruptcy Rule 1015 authorizing the joint administration of National Sports Attraction and National Sports Management.

5. On or about March 25, 2011, due to a conflict resulting from Roy Babitt's new affiliation with Windels Marx Lane & Mittendorf, LLP, the Office of the United States Trustee appointed the Trustee to serve as the successor chapter 7 trustee for the Debtors' chapter 7 bankruptcy estates.

b. **The Computers**

6. The Debtor's estate includes approximately 60 desktop model computers that were used in connection with interactive displays in the museum (the "Computers"). The Computers are not equipped with monitors or keyboards.

7. Upon information and belief, the software installed on the Computers that runs the interactive exhibits is proprietary software that was licensed by the Debtors, which licenses were deemed rejected by the estate pursuant to Bankruptcy Code section 365(d)(1) 60 days after the Petition Dates.

8. The Computers are being stored by MYC & Associates in a warehouse located at 210 Vanderpool Street, Newark New Jersey 07114 (the "MYC Warehouse").

c. **Marketing the Debtors' Assets**

9. On or about May 12, 2009, MYC & Associates, Inc. ("MYC") was retained as liquidating agent for the purpose of marketing the Debtors' hard goods, furniture and fixtures, including, the Computers, memorabilia, such as sports equipment, photos, uniforms and videos, displays, depicting sports figures, and inventory, consisting of clothing, accessories and novelties sold in the Debtors' retail store.

10. MYC attempted to sell the assets as a going concern. However, despite aggressive marketing, their efforts were not successful. Ultimately, the assets were disposed of as follows: the memorabilia was returned to the owners of the memorabilia as ordered by the court; the displays were deemed to be fixtures and abandoned to the landlord; and, the inventory was sold to the landlord.

11. MYC attempted to market the Computers and received expressions of interest from five parties (Adam Slocum, the president of Cybersports, Inc. the proposed purchaser was one of the interested parties). Although certain of the interested parties made offers to purchase, none of those parties would agree to purchase the Computers. MYC believes the Computers would only have had substantial value if sold as part of the Debtors' business as a going concern.

12. On or about May 5, 2011, the Trustee was contacted by Adam Slocum, an officer of Cybersports, Inc. regarding the Computers. Over the course of the following month, the Trustee negotiated the terms of the sale of the Computers to Cybersports, Inc.

13. On or about June 9, 2011, the Trustee received an offer from Cybersports, Inc. for the Computers. The Trustee and Cybersports, Inc. agree for Cybersports, Inc. to purchase the Computers on the following terms:

(a) Purchase price: eighteen thousand dollars ($18,000.00). Down payment of two thousand five hundred dollars ($2,500.00) (the "Deposit") delivered with the offer (the down payment is on deposit in the Trustee's account) and balance of purchase price to be paid at closing.

(b) The Purchaser shall close and make payment to the Trustee by no later than the date that is twenty-one (21) days after the date of entry of the Order approving this Motion. If Purchaser fails to pay in full and close by such date, the Deposit shall be forfeited and become property of the Debtors' estate, and the Trustee may sell the Computers.

(c) The Purchaser shall retrieve the Computers from the MYC Warehouse no later than five (5) days after the closing. MYC shall make the Computers available for pick-up on forty-eight (48) hours notice from the Purchaser during MYC's regular business hours.

(d) The sale of the Computers is as is, where is, with no representations or warranties and is subject to Bankruptcy Court approval.

(e) The sale of the Computers is to be free and clear of all liens, claims and encumbrances, with such liens claims and encumbrances to attach to the sale proceeds.

## REQUEST FOR RELIEF

14. By this Motion, the Trustee is seeking an order of this court confirming the sale of the Computers to Cybersports, Inc. The statutory predicates for the relief requested are section 363(b), title 11, United States Code (the "Bankruptcy Code"); Rules 2002 and 6004

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 6004-1 of the Local Bankruptcy Rules for the Southern District of New York.

15. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2).

## BASIS FOR RELIEF

16. Bankruptcy Code section 363(b) authorizes a trustee to sell property of the estate under certain circumstances. 11 U.S.C. § 363(b). In determining whether to approve a proposed sale under section 363, a court may consider whether the sale is in the best interests of the estate. *See In re Stein*, 281 B.R. 845, 852 (Bankr. S.D.N.Y. 2002) (J. Bernstein).

17. The Trustee believes that a sale of the Computers to Cybersports, Inc. is in the best interests of the Debtors' estates and their creditors. Even though the Computers were marketed extensively, MYC was unable to attract competing bidders. The Computers are languishing in MYC's warehouse and administrative expenses for the storage of the Computers will continue to accrue unless the Computers are sold or abandoned. Moreover, as the Computers continue to age, the value can be expected to decline.

18. The Trustee proposes to sell the Computers free and clear of all liens, claims and encumbrances pursuant to section 363(f) of the Bankruptcy Code which provides, *inter alia*, that a trustee may sell property of the estate "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

- applicable nonbankruptcy law permits sale of such property free and clear of such interest;

- such entity consents;

- such interest is a lien and the price at which such property is to be sold is

greater than the aggregate value of all liens on such property;

- such interest is in bona fide dispute; or

- such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

19. Approval of the sale and the Agreement under section 363(f), free and clear of liens, claims, encumbrances and interests, is warranted and should be approved.

20. Upon information and belief, Bank of New York/Mellon ("BNY/Mellon"), as Indenture Trustee, may have a security interest in the Computers. The Trustee is not aware of any other party with an interest in the Computers, and BNY/Mellon is being given notice of this proposed sale of the Computers.

21. To the extent that BNY/Mellon does not object to the sale of the Computers, the Trustee submits that BNY/Mellon should be deemed to consent to the sale of the Computers free and clear of its lien; provided that the lien shall attach to the proceeds of sale to the extent and priority as BNY/Mellon's lien, if any, on the Computers. *See. Hargrave v. Pemberton (In re: Tabore, Inc.)*, 175 B.R. 855, 858 (Bankr. D. N.J., 1994) (failure to object to notice of sale or attend hearing deemed consent to sale for purposes of Bankruptcy Code section 363); *In re: Shary*, 152 B.R. 724, 725-726 (Bankr. N.D. Ohio, 1993) (state's failure to object to transfer of liquor license constituted consent to sale).

22. Section 363(m) of the Bankruptcy Code protects a good-faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) is later reversed or modified on appeal. Specifically, section 363(m) states that:

> [t]he reversal or modification on appeal of an authorization under [section 363(b)] . . . does not affect the validity of a sale . . . to an entity that purchased . . . such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale . . . were stayed pending appeal.

11 U.S.C. § 363(m).

23. Section 363(m) fosters the policy of affording finality to the judgments of the Bankruptcy Court, and gives finality to those orders and judgments upon which third parties rely. *See Reloeb Co. v. LTV Corp (In re Chateaugay Corp.,* No. 92 Civ. 7054 (PKL), 1993 U.S. Dist. Lexis 6130, at *9 (S.D.N.Y. May 10, 1993) (quoting *In re Abbotts Dairies of Pa., Inc.,* 788 F.2d 143, 147 (3d Cir. 1986); *see also Allstate Ins. Co. v. Hughes,* 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m) . . . provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of the pendency of the appeal.") *In re Stein & Day, Inc.,* 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("[p]ursuant to 11 U.S.C. § 363(m), good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal.").

24. The Trustee submits that Cybersports, Inc. is entitled to the protections of a good faith purchaser. The negotiation of the sale of the Computers to Cybersports, Inc. was the product of arm's-length, good-faith negotiations. The agreement to purchase the Computers was negotiated, proposed and entered into by and between the Trustee and Cybersports, Inc. without collusion, in good faith and from arm's-length bargaining positions. Cybersports, Inc. is not an "insider" of the Debtors as that term is defined in Bankruptcy Code section 101(31).

## **CONCLUSION**

25. No prior application for the relief sought herein has been made to this or any other Court. The Trustee has provided notice of this Motion to Cybersports, Inc., all parties that have expressed an in interest in the Computers, BNY/Mellon, all creditors and parties in interest, and the Office of the United States Trustee. Because of the nature of the relief

requested herein, the Trustee respectfully submits that no further notice of this Motion need be given.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order in the form annexed hereto as Exhibit A confirming the sale of the Computers to Cybersports, Inc.

Dated: New York, New York
July 5, 2011

                                        ARENT FOX LLP
                                        *Counsel to Jil Mazer-Marino, Chapter 7 Trustee*

                                        By:    */s/ Heike M. Vogel*
                                                   Andrew I. Silfen
                                                   Heike M. Vogel
                                                   1675 Broadway
                                                   New York, NY 10019
                                                   (212) 484-3900